UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ESTEBAN C. LEON,

    Petitioner

v.     :  CIVIL NO. 3:CV-07-0551

UNITED STATES OF AMERICA,   :  (Judge Kosik)
DEPARTMENT OF JUSTICE OFFICE
OF INFORMATION AND PRIVACY

    Respondent

FILED
SCRANTON
APR 17 2007
PER _____
DEPUTY CLERK

## Memorandum and Order

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner, Esteban C. Leon, an inmate confined at the Low Security Correctional Institution at Allenwood, Pennsylvania. For the reasons set forth below, the petition will be dismissed without prejudice. See R. GOVERNING § 2254 CASES R. 4.

### I. Background

Petitioner is a federal inmate who apparently is in the midst of pursuing § 2255 relief challenging a sentence imposed by the District Court for the District of Rhode Island for his role in a drug conspiracy sting operation involving the attempt to possess with intent to distribute cocaine. It appears that he was denied relief pursuant

to § 2255 by the Rhode Island District Court, and now has an appeal pending with the First Circuit Court of Appeals. (Doc. 1, Pet. at 3.) It seems that during the course of pursuing his § 2255 relief, Petitioner has requested the government to provide copies of various documents, including Grand Jury transcripts. To date, while some documents have been furnished to Petitioner for his use in litigating his §2255 motion, he has never been provided with the requested transcripts. In the present action, he seeks this court to compel the Respondent to furnish the Grand Jury transcripts, any authorization for tape recordings, phone recordings, meeting recordings and all contracts or written agreements between the government and cooperating witnesses involved in his underlying criminal case.

## II.   Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553

(2001)).

Careful review of the petition reveals that Petitioner is not challenging the legality of his detention in this particular action. Instead, he is seeking to compel the government to provide various documents so that he may utilize them in litigating his § 2255 appeal. Such a claim is not cognizable in a habeas corpus action as he does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Consequently, the petition will be dismissed without prejudice to any right Petitioner may have to file a petition for writ of mandamus.[1] See Moles v. Holt, Civil Action No. 1:07-CV-0627, slip op. (M.D. Pa. April 10, 2007)(Conner, J.).

AND NOW, this 16 day of April, 2007, **IT IS HEREBY ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus is **DISMISSED without prejudice** to any right Petitioner may have to file a petition for writ of mandamus.

---

[1] 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is considered an "extraordinary remedy," Mallard v. United States Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 308 (1989), and a "drastic remedy that 'is seldom issued and its use is discouraged.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir.2000) (citations omitted).

2. The Clerk of Court is directed to **CLOSE** this case.

_____
EDWIN M. KOSIK
United States District Judge