UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ESTEBAN C. LEON,                       :
                                       :
       Petitioner                      :
                                       :
   v.                                  : CIVIL NO. 3:CV-07-0551
                                       :
UNITED STATES OF AMERICA,              : (Judge Kosik)
                                       :
       Respondent                      :

## Memorandum and Order

**Background**

On March 22, 2007, Esteban C. Leon, an inmate currently confined at the Low Security Correctional Institution at Allenwood, Pennsylvania, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. In the petition, Petitioner states how he recently was unsuccessful in pursuing § 2255 relief in the Rhode Island District Court and now has an appeal pending in the First Circuit Court of Appeals.  He apparently is having some difficulty obtaining copies of documents related to his underlying criminal action to use in litigating his appeal, and requests that this court issue an order compelling Respondent to furnish the Grand Jury transcripts, any authorization for tape recordings and phone recordings and other documents relating to his underlying criminal case.  On April 17, 2007, the court

issued a Memorandum and Order dismissing the petition without prejudice to any right Petitioner may have to file a petition for writ of mandamus.  A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 45, 49 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).  In this action, as the relief sought by Petitioner does not sound in habeas, but rather seeks to compel the government to provide documents.

Presently pending is Petitioner's motion for leave to file a motion for reconsideration out of time with regard to the court's Memorandum and Order of April 17, 2007.  (Doc. 6.)  Although any motion for reconsideration is untimely, Petitioner seeks leave to file it out of time because he relies on the assistance of the prison law library clerks to translate matters for him in that he does not speak, read or write English.  He also relies on other inmates to prepare his filings.  Based upon these reasons and because Petitioner proceeds pro se, the court will grant his request to file the motion for reconsideration out of time.  The motion for reconsideration submitted on the same date (Doc. 7) will be deemed timely.  However, for the reasons that follow, the motion for reconsideration will be denied.

**Discussion**

The standard for granting a motion for reconsideration is a stringent one.  "Because federal courts have a strong interest in the finality of judgments, motions

2

for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995); see also Armstrong v. Reisman, No. 99-CV-4188, 2000 WL 288243, at *2 (E.D. Pa. Mar. 7, 2000). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); accord Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992). Further, this court has cautioned litigants that a mere disagreement with the court does not translate into a clear error of law. Dodge, 796 F.Supp. at 830. Rather, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.

Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).

In his motion for reconsideration, Petitioner merely recognizes that his action was not properly filed as a habeas action and seeks to pursue his claims under the Freedom of Information Act. This court's Memorandum and Order of April 17, 2007 does not prevent him from doing so. He is free to file a new action wherein he properly pursues his claims and sets forth his request for relief. Accordingly, because Petitioner does not cite any intervening change in the law, newly discovered evidence or clear error of law, there is no basis for reconsidering the Memorandum and Order of April 17, 2007.

**ACCORDINGLY, THIS 22nd DAY OF MAY, 2007, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion for Leave to file his Motion for Reconsideration out of time (Doc. 6) is **granted**. The Motion for Reconsideration filed by Petitioner on May 21 (Doc. 7) is deemed timely.

2. Petitioner's Motion for Reconsideration (Doc. 7) is **denied**.

                                        s/EDWIN M. KOSIK
                                        United States District Judge